UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

THOREAUSA HORNE, on behalf of herself and those similarly situated,

    Plaintiff,

vs.

HACKBARTH DELIVERY SERVICE, INC., an Alabama Corporation,

    Defendant.
_____/

CASE NO.: 3:20-cv-251-DPJ-FKB

## COLLECTIVE ACTION COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, THOREAUSA HORNE, on behalf of herself and those similarly situated, sues the Defendant, HACKBARTH DELIVERY SERVICE, INC., an Alabama Corporation (hereinafter referred to as "Hackbarth") and alleges:

1. Over the last three years, Hackbarth has employed numerous individuals, including Plaintiff, throughout the southeastern United States who worked as drivers / couriers for Hackbarth delivering items that had travelled throughout the country to their final local destinations. These drivers are misclassified as "independent contractors." As a result of this misclassification, these drivers are not paid overtime wages for their work performed in violation of the Fair Labor Standards Act. As a result of this pay practice, these misclassified drivers have not been paid any overtime wages whatsoever for their overtime hours worked in the

last three years.

2.      Plaintiff was an employee of Defendant and brings this action for unpaid overtime compensation, liquidated damages, declaratory relief, and other relief under the Fair Labor Standards Act, as amended, 29 U.S.C. § 216(b) ("FLSA").

## GENERAL ALLEGATIONS

3.      Plaintiff has worked as a driver for Hackbarth wherein she has been classified as an "independent contractor" at all times.

4.      Plaintiff has worked for Hackbarth since February 2017.

5.      Defendant, HACKBARTH DELIVERY SERVICE, INC., is an Alabama Corporation with a location in Jackson, Mississippi and is within the jurisdiction of this Court.

6.      This Court is the proper venue for this action as Plaintiff worked for Defendant in Jackson, Mississippi.

7.      Hackbarth "offers all types of transportation, logistics, warehousing and distribution services throughout the country." *See* https://www.hackbarthdelivery.com/about-us/, attached as Ex. A.  Hackbarth promotes itself as the "premier provider of transportation and logistics solutions." *Id.*

8.      Hackbarth has grown to "44 locations in 44 years" and delivers over "100,000 packages a day." *See* https://www.hackbarthdelivery.com/locations/, attached as Ex. B.

9.      As part of the services Hackbarth provides, it specializes in "Last Mile Delivery" to ensure customer's products or goods being transported in interstate

commerce reach their intended destinations. *See* https://www.hackbarthdelivery.com/services/ and https://www.hackbarthdelivery.com/last-mile-delivery/, attached as Ex. C and D.

10. To accomplish these deliveries, Hackbarth contracts with drivers throughout the country, like Plaintiff, to perform the final mile transportation duties on behalf of Hackbarth.

11. To perform work and drive for Hackbarth, Hackbarth requires these drivers to sign contracts which designate them as independent contractors.

12. Hackbarth utilizes a third-party company called Subcontracting Concepts, LLC ("SCI") which contracts with Hackbarth's drivers and is the payroll company which pays the drivers on behalf of Hackbarth.

13. Throughout the last three years, Hackbarth has utilized thousands of these "independent contractor" drivers at its locations to provide transportation and distribution services to Hackbarth's customers.

14. This action is brought under the FLSA to recover from Hackbarth overtime compensation, liquidated damages, and reasonable attorneys' fees and costs. This action is intended to include each and every driver / courier who worked for Hackbarth as an independent contractor, who drove a vehicle with a gross vehicle weight rating of 10,000 pounds or less, and who worked for Hackbarth at any time within the past three (3) years.

15. This Court has jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. §1331 and the FLSA and the authority to grant declaratory relief under the FLSA

pursuant to 28 U.S.C. §2201 et seq.[1]

16. During Plaintiff's employment with Hackbarth, Hackbarth earned more than $500,000.00 per year in gross sales.

17. During Plaintiff's employment with Hackbarth, Hackbarth employed two or more employees which handled goods, materials and supplies which had travelled in interstate commerce.

18. Included in such goods, materials and supplies were computers, telephones, servers, vehicles, office equipment and furniture, as well as numerous other goods, materials and supplies which had been carried in interstate commerce.

19. Therefore, Hackbarth is considered an enterprise covered by the FLSA, and as defined by 29 U.S.C. §203(r) and 203(s).

## FLSA VIOLATIONS

20. At all times relevant to this action, Hackbarth failed to comply with the FLSA by misclassifying Plaintiff and other drivers as an "independent contractor" and by failing to pay overtime compensation to Plaintiff.

21. During the last three years or more, Hackbarth has operated a

---

[1] Defendant will likely argue that this matter should be compelled to arbitration based upon an arbitration provision contained in Plaintiff and the drivers' uniform independent contractor agreements. However, these arbitration agreements are invalid under the FAA as Plaintiff and the other drivers fall within the transportation workers' exemption to arbitration contained within the Federal Arbitration Act, 9 U.S.C. § 1. The United States Supreme Court recently held that even transportation workers who are classified as "independent contractors" fall within this exemption and are not subject to arbitration under the FAA. *See New Prime Inc., v. Oliveira.*, 586 U.S. ___ (2019). Additionally, the arbitration provision contain illegal provisions under the FLSA, necessitating this Court strike the arbitration agreement and/or sever the offending provision(s). Plaintiff attempted to

delivery/courier service in the United States.

22. To service the Hackbarth clients, Hackbarth utilizes thousands of drivers who utilize their own small vehicles (a gross vehicle weight rating of 10,000 pounds or less) to provide the last mile transportation and distribution services.

23. Plaintiff is one of these drivers performing services on behalf of Hackbarth.

24. Plaintiff and other drivers had to execute a contract designating them as "independent contractors" to work for Hackbarth.

25. However, the economic reality is that Plaintiff and the other drivers/couriers are/were economically dependent upon Hackbarth and were employed by Hackbarth under the FLSA.

26. Hackbarth controlled the drivers' job duties and pay.

27. Hackbarth instructed the drivers which customers to service.

28. Hackbarth dictated what the customer pay rates would be for routes which drivers ran.

29. Hackbarth assigned the routes to drivers.

30. Drivers could not leave these routes without the express permission of Hackbarth.

31. Hackbarth would direct drivers to pick up and drop off deliveries to Defendant's customers.

32. Hackbarth required all routes be run in a specific order. *See* photograph

---

resolve this dispute prior to the filing of this lawsuit but Defendant refused to agree to strike the offending provision.

from Hackbarth facility attached as Ex. E.

33. Hackbarth required its drivers to wear Hackbarth shirts when making deliveries on their behalf. *See* second photograph from Hackbarth facility attached as Ex. F.

34. Periodically, Hackbarth published memorandums, policies and guidelines to Plaintiff and other drivers regarding their job duties (and other topics), which they were then required to follow. *See, e.g.,* policies attached as Ex. G.

35. Hackbarth maintained exclusive control over the compensation received by Plaintiff and its drivers.

36. However, Hackbarth did not pay Plaintiff and its drivers any additional overtime compensation for overtime hours worked.

37. Plaintiff and the other drivers routinely worked overtime hours without receiving overtime compensation.

38. Hackbarth only paid Plaintiff and the other drivers their regular pay for all hours worked.

39. Hackbarth maintained exclusive control over all other fees, including cargo insurance, scanner fees, office fees (among other fees), charged to Plaintiff and the drivers.

40. Plaintiff and the drivers had no meaningful opportunity to choose the customers or routes they were assigned, or to bid or negotiate for certain jobs.

41. Plaintiff and the drivers could not reject servicing certain customers in

their assigned routes.

42. Plaintiff and the drivers could not negotiate higher or lower rates with Hackbarth's customers.

43. Customers of Hackbarth paid Hackbarth directly for deliveries.

44. Customers of Hackbarth do not regularly give payment to Plaintiff or other drivers.

45. Hackbarth required Plaintiff and other drivers to purchase certain equipment for the job, including a specific phone, uniforms, and other delivery equipment.

46. Hackbarth required Plaintiff and other drivers wear a uniform with Hackbarth's name on it.

47. Hackbarth monitored Plaintiff and its other drivers with GPS monitoring on the shipments through their phones.

48. Hackbarth employs other employees whose primary job duties are to perform marketing or advertising on behalf of Hackbarth.

49. The transportation and delivery job duties performed by Plaintiff and other drivers did not require advanced training or a special skill.

50. Plaintiff and many drivers have worked for Hackbarth for years and it is not temporary work with Hackbarth.

51. Plaintiff worked with other drivers who had worked similar (if not longer) lengths of employment as herself.

52. Plaintiff and the other drivers were an integral part of Hackbarth's

business because without these workers, Hackbarth's customers would not be served, and Hackbarth would not generate income off of Plaintiff and the other drivers providing these services.

53. Hackbarth does not get paid by its customers unless Plaintiff and the other drivers complete the transportation and delivery service.

54. As such, Plaintiff and the other drivers were truly employees of Hackbarth under the FLSA and are entitled to complete overtime compensation for the overtime hours worked by them.

55. Upon information and belief, the records, to the extent any exist and are accurate, concerning the deliveries made and amounts paid to Plaintiff and the other drivers are in the possession and custody of Hackbarth.

56. However, Hackbarth failed to keep appropriate records under the FLSA related to the total number of hours worked by Plaintiff and other drivers in violation of 29 C.F.R. § 516.20.

## COUNT I - RECOVERY OF OVERTIME COMPENSATION

57. Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1-56 above.

58. Plaintiff and other drivers are/were entitled to be paid overtime compensation for their overtime hours worked.

59. Plaintiff and other drivers routinely worked overtime hours to finish the jobs given to them by Hackbarth in many workweeks.

60. For example, Plaintiff routinely worked 60 or more hours per week, and

even up to 70 hours in a week to perform the work for Hackbarth.

61. Even though Plaintiff and the other drivers routinely worked overtime hours, they were not paid any additional overtime compensation.

62. During their employment with Hackbarth, Plaintiff and the other drivers were misclassified as independent contractors and were not paid overtime compensation for overtime hours worked by them. *See supra.*

63. Hackbarth did not have a good faith basis for its decision to classify Plaintiff or other drivers as independent contractors.

64. Hackbarth has shown reckless disregard in its repeated non-compliance with the FLSA in misclassifying its drivers as independent contractors.

65. As a result of Hackbarth's intentional, willful and unlawful acts in refusing to pay Plaintiff and other drivers complete overtime compensation, Plaintiff and the other drivers have suffered damages plus incurring reasonable attorneys' fees and costs.

66. As a result of Hackbarth's willful or reckless violation of the FLSA, Plaintiff and the other drivers are entitled to liquidated damages.

67. Plaintiff demands a jury trial on all issues so triable.

WHEREFORE, Plaintiff, THOREAUSA HORNE, on behalf of herself and those similarly situated, demands judgment against Hackbarth for unpaid overtime compensation, liquidated damages, prejudgment interest to the extent allowed by law, reasonable attorneys' fees and costs incurred in this action, declaratory relief, and any and all further relief that this Court determines to be just and appropriate.

Dated this 9th day of April, 2020.

>/s/ Martin R. Jelliffe
>MARTIN R. JELLIFFE, ESQ.
>MSB #: 3067
>MORGAN & MORGAN, PLLC
>4450 Old Canton Road, Suite 200
>Jackson, Mississippi 39211
>Telephone: 601-503-1676
>Facsimile: 601-503-1625
>E-mail: mjelliffe@forthepeople.com
>
>*Attorney for Plaintiff and the Class*